IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| REALTIME ADAPTIVE STREAMING LLC | § § | |
| v. | § § § | Case No. 6:17-cv-0591-JRG<br>LEAD CASE |
| CISCO SYSTEMS, INC. | § | |

**ORDER FOCUSING PATENT CLAIMS AND PRIOR ART TO REDUCE COSTS**

The Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines the issues in this case to promote a "just, speedy, and inexpensive determination" of this action, as provided by Federal Rule of Civil Procedure 1.

*Phased Limits on Asserted Claims and Prior Art References*

2. By the deadline set forth in the Court's Docket Control Order, the patent claimant shall serve a Preliminary Election of Asserted Claims.  In advance of this deadline, the parties agree to continue to meet-and-confer and reach agreement regarding a reasonable number of asserted claims not to exceed 15 claims from each patent and not more than a total of 50 claims. By the deadline set forth in the Court's Docket Control Order, each patent defendant shall serve a Preliminary Election of Asserted Prior Art. In advance of this deadline, the parties agree to continue to meet-and-confer and reach agreement regarding a reasonable number of asserted prior art

not to exceed 18 prior art references against each patent and not more than a total of 60 references.[1]

3. By the deadline set forth in the Court's Docket Control Order, the patent claimant shall serve a Final Election of Asserted Claims. In advance of this deadline, the parties agree to continue to meet-and-confer and reach agreement regarding a reasonable number of asserted claims not to exceed 8 asserted claims per patent from among the previously identified claims and no more than a total of 25 claims. By the date set forth in the Court's Docket Control Order, each patent defendant shall serve a Final Election of Asserted Prior Art. In advance of this deadline, the parties agree to continue to meet-and-confer and reach agreement regarding a reasonable number of asserted prior art not to exceed 9 asserted prior art references per patent from among the prior art references previously identified for that particular patent and no more than a total of 30 references. For purposes of this Final Election of Asserted Prior Art, each obviousness combination counts as a separate prior art reference.

4. If the patent claimant asserts infringement of only one patent, all per-patent limits in this order are increased by 50%, rounding up.

***Modification of this Order***

---

[1] For purposes of this Order, a prior art instrumentality (such as a device or process) and associated references that describe that instrumentality shall count as one reference, as shall the closely related work of a single prior artist.

- 3 -

5. Subject to Court approval, the parties may modify this Order by agreement, but should endeavor to limit the asserted claims and prior art references to the greatest extent possible. Absent agreement, post-entry motions to modify this Order's numerical limits on asserted claims and prior art references must demonstrate good cause warranting the modification. Motions to modify other portions of this Order are committed to the sound discretion of the Court.

**So ORDERED and SIGNED this 6th day of March, 2018.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE